Filed 3/27/15  Martinez v. Cal. Dept. of Corrections  CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MIGUEL MARTINEZ, | |
| Plaintiff and Appellant, | C074106 |
| v. | (Super. Ct. No. 34201200124397CUWTGDS) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant and Respondent. | |

Miguel Martinez appeals from the trial court's dismissal of his action against the California Department of Corrections and Rehabilitation (CDCR) for wrongful termination of employment based on racial discrimination.  The trial court concluded Martinez's claim was precluded by a prior lawsuit in which he challenged the same termination of employment.  On appeal, Martinez contends this case raises a new claim of racial discrimination that has not been previously adjudicated and should proceed to trial.  Martinez further argues claim preclusion should not apply because CDCR was "never solely or directly" sued in the prior case.

1

We conclude the primary rights doctrine precludes Martinez's present action that focuses on the same alleged wrongful termination as in his prior case. Moreover, Martinez's tort claims are barred by his failure to first overturn the adverse employment decision by the State Personnel Board. Accordingly, we affirm the trial court's judgment of dismissal.

FACTUAL AND PROCEDURAL HISTORY

Martinez was terminated from employment as a correctional sergeant for inducing a former prison inmate to sign a false statement, inexcusable neglect of duty, dishonesty, discourteous treatment of the public, and failure of good behavior. Martinez appealed his dismissal to the State Personnel Board, which denied his appeal. In an effort to overturn the State Personnel Board's decision, Martinez filed a petition for writ of mandate in *Martinez v. State Personnel Board et al.*, Sacramento County Superior Court No. 34-2010-80000531. The petition named CDCR as real party in interest. The petition asserted Martinez's termination was "disparate treatment." Specifically, the petition alleged the administrative law judge's finding sustaining Martinez's dismissal because of dishonesty "is disparate in view of the testimony of Correctional Officer Raqueal Mudrick, and Correctional Sergeant Gregory Knight. Both Witnesses received Notices of Adverse Action listing dishonesty as an allegation, however the Witnesses were not dismissed from State Service. Consequently, [Martinez]'s dismissal from State Service is disparate treatment." The trial court denied the petition, finding that "not only did Martinez harm the public trust, he made himself vulnerable to possible extortion by an ex-inmate and cast a negative mark on all of his fellow officers. The potential embarrassment to CDCR is palpable. Martinez' actions clearly caused discredit to his former employer. [¶] Further, because Martinez was a Correctional Sergeant,

2

responsible for supervising other officers, Martinez set a terrible example for the officers under his supervision."[1]

Martinez did not appeal the trial court's dismissal of his writ petition. Instead, he filed a new lawsuit against CDCR in which he alleged his termination reflected racial discrimination because other correctional officers sustained lesser penalties for dishonesty. Specifically, the first amended complaint alleged Martinez was discriminated against by CDCR because his conduct was similar to that of other correctional officers near the time of his termination and none of the other correctional officers were terminated. The first amended complaint alleges Correctional Officer Raqueal Mudrick was suspended for six months for dishonesty and Sergeant Gregory Knight was demoted because of dishonesty. CDCR filed a demurrer, which the trial court sustained without leave to amend. The trial court found the previous "decisions rendered with respect to [Martinez's] termination satisfy the necessary requirements and operate as res judicata to bar this separate action challenging the appropriateness of [his] termination from employment. [Martinez's] opposition fails to address this legal doctrine, asserting only the merits of his claim for discrimination, which has already been litigated in the writ action." From the ensuing judgment of dismissal, Martinez appeals.

## DISCUSSION

Martinez argues his present action is not precluded by his prior litigation due to the new allegation of racial discrimination. We disagree.

---

[1]     The Attorney General's request for judicial notice of the judgment and notice of entry of judgment in *Martinez v. State Personnel Board et al.*, Sacramento County Superior Court No. 34-2010-80000531, is granted. (Evid. Code, §§ 451, subd. (a), 459.)

3

## A.

### *Claim Preclusion*

As the California Supreme Court has explained, " 'Res judicata' describes the preclusive effect of a final judgment on the merits.  Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.  Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.' (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.)  Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit; a judgment for the defendant serves as a bar to further litigation of the same cause of action." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896-897 (*Mycogen Corp.*), fn. omitted.)

To determine whether a claim is precluded, California courts follow the primary right theory. (*Mycogen Corp., supra*, 28 Cal.4th at p. 904.)  " 'The primary right theory . . . provides that a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty.  [Citation.]  The most salient characteristic of a primary right is that it is indivisible:  the violation of a single primary right gives rise to but a single cause of action.  [Citation.]  . . . 'As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered.  [Citation.]  It must therefore be distinguished from the legal theory on which liability for that injury is premised:  "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief."  [Citation.]  The primary right must also be distinguished from the remedy sought:  "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the

cause of action, one not being determinative of the other." [Citation.] 'The primary right theory . . . is invoked . . . when a plaintiff attempts to divide a primary right and enforce it in two suits. The theory prevents this result by either of two means: (1) if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in abatement [citations]; or (2) if the first suit has terminated in a judgment on the merits adverse to the plaintiff, the defendant in the second suit may set up that judgment as a bar under the principles of res judicata.' " (*Mycogen Corp.*, at p. 904, quoting *Crowley v. Katleman* (1994) 8 Cal.4th 666, 681–682.)

## B.

### *Martinez's Present Action is Barred by His Prior Lawsuit*

The primary right Martinez seeks to vindicate in this case -- namely, the right to be free of unlawful termination of employment -- is the same as in his petition for writ of mandate. Martinez's addition of a new theory to characterize his termination of employment as unlawful does not separate the primary right in this case from that of his earlier case. (*Mycogen Corp., supra*, 28 Cal.4th at p. 904.) Thus, the primary right in both cases is identical. The parties are the same too. CDCR's status as a party is reflected by the trial court's direction that counsel for CDCR prepare the judgment. The judgment prepared by CDCR was signed by the trial court and conclusively resolved Martinez's claims regarding unlawful termination.[2] Consequently, claim preclusion applies to bar Martinez's present action. (*Id.* at pp. 896-897.)

At oral argument, Martinez's new appellate counsel advanced a new argument that the primary rights doctrine does not apply to a claim of racially motivated termination of employment that is litigated in a lawsuit subsequent to the original termination of employment for cause proceeding. In support, Martinez's counsel referred to authority

---

[2] We grant the Attorney General's request to judicially notice the judgment and notice of entry of judgment in Martinez's prior case.

5

not cited in the opening brief,[3] namely *George v. California Unemployment Ins. Appeals Bd.* (2009) 179 Cal.App.4th 1475 (*George*) and *Henderson v. Newport-Mesa Unified School Dist.* (2013) 214 Cal.App.4th 478 (*Henderson*). The new argument may not be tendered for the first time at oral argument. "Absent a sufficient showing of justification for the failure to raise an issue in a timely fashion, we need not consider any issue which, although raised at oral argument, was not adequately raised in the briefs." (*Sunset Drive Corp. v. City of Redlands* (1999) 73 Cal.App.4th 215, 226.)

In any event, *George* and *Henderson* do not help Martinez. *George* involved a civil service employee who brought an administrative challenge to her employer's disciplinary actions. (*George, supra*, 179 Cal.App.4th at p. 1480.) Her administrative challenge, however, did not include any claims of retaliation under the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). (*George, supra*, at p. 1480.) Her administrative challenge proved to be partially successful in that the trial court found some of her discipline had been unwarranted. (*Id.* at pp. 1480-1481.) This mixed result did not preclude the employee from bringing a subsequent action for the newly asserted cause of action for retaliation. As the *George* court explained, "there was no finding that the agency's actions as a whole were justified by George's behavior. Further, there was no finding to preclude the conclusion that the imposition of the three relatively minor disciplinary actions was the result of a retaliatory motive." (*Id.* at p. 1485.) By contrast, Martinez did not overturn the State Personnel Board's decision that he *was* properly terminated. As we explain in part C, below, Martinez is thus procedurally barred from bringing a separate claim for tort damages arising out of the same termination.

In *Henderson,* a school teacher brought an action to challenge the school district's failure to rehire her on a "first priority" basis *and* for discrimination against her on the

---

[3]     Martinez, who filed his opening brief in propria persona, did not file a reply brief.

basis of race. (214 Cal.App.4th at p. 484.) The trial court sustained the school district's demurrer to her two causes of action, and the Court of Appeal reversed. (*Ibid.*) The Court of Appeal noted that "Henderson's right to be properly classified was the only individual claim she was allowed to make in the [prior] administrative proceeding." (*Id.* at p. 501.) As a consequence, Henderson was not foreclosed from bringing a later action for racial discrimination. (*Ibid.*) Contrary to the situation in *Henderson* where the school teacher could not have raised the discrimination claim in the administrative proceeding, Martinez raised the issue of "disparate treatment" in the writ petition challenging the State Personnel Board decision upholding his termination for cause. Thus, Martinez is attempting to relitigate an issue raised in a prior proceeding between the same parties. Claim preclusion bars his attempt to relitigate the same issue. (*Mycogen Corp., supra*, 28 Cal.4th at pp. 896-897.)

## C.

### *Martinez's Failure to Overturn the State Personnel Board's Decision*

As the Attorney General correctly points out, Martinez's present action is barred for an additional reason. A litigant must succeed in overturning an adverse administrative agency action before pursuing a related tort claim for damages. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 69.) Thus, "when, as here, a public employee pursues administrative civil service remedies, receives an adverse finding, and fails to have the finding set aside through judicial review procedures, the adverse finding is binding on discrimination claims under [FEHA]." (*Id.* at p. 76.) For failure to first overturn the State Personnel Board's adverse decision, Martinez's claim for tort damages arising out of his termination of employment is barred. (*Ibid.*)

## DISPOSITION

The judgment is affirmed.  The California Department of Corrections and Rehabilitation shall recover its costs, if any, on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

      HOCH     , J.

We concur:

      RAYE     , P. J.

      ROBIE    , J.

8